UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK CROWDER
     Plaintiff,

v.                        CASE NO. 8:21-cv-1950-TPB-TGW

WORLD PRODUCT SOLUTIONS,
*et al.*,
     Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint alleging race discrimination against his former employer and supervisors, in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq.* (Doc. 1, pp. 3; 4, ¶A).[1]

The complaint does not comply with the Federal Rules of Civil Procedure and it fails to state a claim upon which relief may be granted.  I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint, and consideration of the application to proceed in forma pauperis (Doc. 2) be deferred pending the filing of an amended complaint.

---

[1] The plaintiff does not identify his race in the complaint.  However, based on allegations of discrimination by a white woman, it is presumed that he is black.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The plaintiff's complaint is procedurally and substantively deficient. See Rules 8, 10, F.R.Civ.P.; Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007). First, it does not comply with the Federal Rules of Civil Procedure. Specifically, the complaint is in a narrative form that does not comply with Rule 10's requirement that each claim be stated in separate numbered paragraphs, with

2

each claim "limited as far as practicable to a single set of circumstances." Rule 10(b), F.R.Civ.P. Thus, this rule requires the plaintiff to identify each of the laws he alleges that the defendants violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendants acted in violation of that law.   See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings).

Furthermore, even accepting as true the allegations stated in the complaint, the plaintiff has not stated a claim showing that he is entitled to relief. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (The pleading must include sufficient facts from which there are "plausible grounds to infer" the required elements of each claim.).

Initially, it is noted that the plaintiff cannot state a cognizable Title VII claim against his former supervisors, or the human resources manager, because "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006).

3

Furthermore, the factual allegations of the complaint do not state a cognizable race discrimination claim against the plaintiff's former employer, either.

The plaintiff outlines in his complaint that, on January 8, 2021, he was told to wear his "mask properly for COVID by a supervisor (white woman)," but that the supervisor did not instruct a white woman who was "wearing the mask improperly" to do the same (Doc. 1, pp. 4-5).

The plaintiff alleges further that he used his cellular telephone to take pictures of the woman as evidence of discrimination (id., p. 5). The plaintiff's manager was alerted that the plaintiff was using his telephone, and the manager warned the plaintiff that, if the plaintiff continued to use his phone, he would be sent home (id.). The plaintiff responded that he was taking pictures of discrimination, and that he would continue to do so if he witnessed more discrimination (id.). The plaintiff was then fired (id.). The plaintiff contends that these circumstances show that he was subject to unequal terms and conditions of his employment, and terminated, due to his race.

However, these factual allegations do not provide "plausible grounds to infer" that the defendant terminated his employment based on his

4

race.  See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007).   Thus, the allegation that the plaintiff was terminated after he challenged the manager's directive to put away his cellular telephone states a claim for insubordination, or possibly retaliation for complaining about discrimination.  It does not allege sufficiently a connection between the plaintiff's race and the adverse job action.

Moreover, the plaintiff does not assert a claim retaliation in the complaint (see Doc. 1, p. 4, ¶A).  If that is one of his claims, he must state it properly in his pleading.[2]

The plaintiff also alleges, vaguely, that he was subject to unequal terms and conditions of his employment based on his race (Doc. 1, p. 4, ¶A).  Presumably, this claim is based on his supervisor's admonishment to wear a face mask properly, because that is the only other discriminatory act alleged in the complaint (id., p. 5).  However, assuming this conduct is

---

[2] Notably, "[p]rior to filing a Title VII action … a plaintiff first must file a charge of discrimination with the EEOC." Gregory v. Georgia Dep't of Human Resources, 355 F.3d 1277 (11th Cir. 2004).  However, if the plaintiff did not allege retaliation in his EEOC charge he may assert a retaliation claim in his complaint if it is reasonably related to the allegations in his EEOC charge. See id. at 1280 (A complaint may include a retaliation claim if "the facts alleged in [the] EEOC charge could have reasonably been extended to encompass a claim for retaliation …").

related to his race, the allegation is insufficient to state unlawful action by the defendant.  See Watts v. Florida International University, supra, 495 F.3d at 1295-96; Rule 8(a), F.R. Civ. P.

In addition to prohibiting discriminatory tangible job action, Title VII also prohibits racially hostile work environments.  Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998).  However, such a claim requires the plaintiff to prove that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1248 (11th Cir. 2014), quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

The plaintiff's allegation that he was told to wear his face mask properly clearly does not reach the requisite level of severity or pervasiveness to state a racially hostile work environment claim.  See McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir. 2008) (courts examine "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").

6

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii).

In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002) (1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

Specifically, the plaintiff is advised that an amended complaint may not include a Title VII claim against individual employees, and he must provide greater factual detail to support an allegation of race discrimination. Finally, if the plaintiff alleges a retaliation claim, it must be listed in a separate count of the amended complaint with facts supporting that contention.[3]

Respectfully submitted,

---

[3] The Hillsborough County Library has form books which provide sample formats for federal lawsuits and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

_____

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2021.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.   28 U.S.C. 636(b)(1)(C).   Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.